# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR LUNA, | CASE NO. 1:10-cv-01107-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| MATTHEW CATE, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Cesar Luna ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

(2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  <u>Iqbal</u>, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).

**II.     Complaint Allegations**

The events in the complaint took place at Sierra Conservation Center ("SCC"), where Plaintiff is housed.  Plaintiff filed this action on June 18, 2010, against Defendants Cate, St. Clair, Forster, Bangi, Lovett, and Mark Twain St. Joseph Hospital, in their individual and official capacities and he is seeking compensatory and punitive damages for alleged misdiagnosis and treatment of his medical condition.

The complaint states that Plaintiff was diagnosed with a severely degenerated meniscus, which was causing him knee pain.  On February 20, 2008, Plaintiff alleges that Defendant Michael Forster, M.D. assured him that MRIs are very accurate and "if the MRI[] does not find anything, there may not be a surgical cure." (Doc. 1, Comp., p. 4.)

Plaintiff saw Defendant Craig Lovett, M.D. on May 15, 2008.  During the consultation, Defendant Lovett explained the risks, benefits, and alternatives to surgery to Plaintiff.  Plaintiff remembers Defendant Lovett suggesting he could drill a couple of holes into the area and remove whatever meniscus was still present to eliminate the pain Plaintiff was experiencing.  Plaintiff alleges that he agreed to have surgery based upon Defendant Lovett's comments during this consultation and the statements Defendant Foster made regarding the MRI.  Defendant Lovett performed the surgery at Mark Twain St. Joseph Hospital on June 25, 2008.  <u>Id.</u>

When Plaintiff returned to SCC following surgery, he alleges that Defendant Edwin Bangi, M.D. failed to provide crutches as ordered by Defendant Lovett and failed to explain what "weight bearing as tolerated" meant.  <u>Id.</u>

Plaintiff claims that, while the doctors diagnosed his pain as resulting from a severely degenerated meniscus, he actually only had minor arthritis.  He alleges that due to the misdiagnosis

he underwent an unnecessary surgery, has scars, and has problems with his knee that were not present prior to the surgery. Id. For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief.

**III.   Discussion**

    **A.   Medical Care**

[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges that the doctors misdiagnosed his injury and an unnecessary surgery was performed causing him to have additional knee problems. An allegation by Plaintiff that a physician has been merely indifferent or negligent or has committed medical malpractice in diagnosing or treating a medical condition does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. As alleged, the complaint fails to state more than a possible medical malpractice claim against the named Defendants. This is insufficient to rise to the level of deliberate indifference to medical needs.

1   Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies
2   described by the Court in this order.  In the paragraphs that follow, the Court will provide Plaintiff
3   with additional legal standards that appear to apply to his claims.

### B.    Official Capacity

Plaintiff brings this action against all defendants in their official and individual capacities. Plaintiff may not bring suit against Defendants in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Id. at 25.  For this reason Plaintiff has failed to state a claim against Defendants in their official capacities.

### C.    Private Party Liability

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  Generally, private parties do not act under color of State law. Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  A private party may be acting under color of law if they conspire with or engage in joint activity with State officials, become so closely related with the State that their action can be said to be those of the State, are performing public functions, or are regulated to the point that the conduct is compelled by the State. Id. at 708-09.

Plaintiff has named Defendant Mark Twain St. Joseph Hospital, but has not set forth any allegations that Defendant was acting under the color of State law or that Defendant deprived Plaintiff of a right secured by the Constitution or laws of the United States.  Plaintiff has failed to state a cognizable claim against this private party defendant.

### IV.    Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 18, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

1 | Dated:   October 22, 2010
2 |                                                         UNITED STATES MAGISTRATE JUDGE