1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   CESAR LUNA,                             CASE NO. 1:10-cv-01107-GBC PC

10                       Plaintiff,        ORDER DISMISSING COMPLAINT, WITH
                                            LEAVE TO AMEND, FOR FAILURE TO
11        v.                                STATE A CLAIM

12   MATTHEW CATE, et al.,                  (Doc. 9)

13                       Defendants.        THIRTY-DAY DEADLINE
     _____/

14

15   **I.      Screening Requirement**

16          Plaintiff Cesar Luna ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

17   in this civil rights action pursuant to 42 U.S.C. § 1983.  The Court screened the complaint and issued

18   an order on October 25, 2010, dismissing the complaint, with leave to amend, for failure to state a

19   claim.  (Doc. 8.)  Currently pending before the Court is Plaintiff's first amended complaint, filed

20   November 29, 2010.  (Doc. 9.)

21          The Court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

25   monetary relief against a defendant who is immune from such relief."  28 U.S.C § 1915(e)(2)(B).

26          In determining whether a complaint states a claim, the Court looks to the pleading standard

27   under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

28   plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Discussion**

The events in the complaint took place at Sierra Conservation Center ("SCC"), where Plaintiff is housed. Plaintiff brings suit against Defendants Cate, St. Clair, Forster, Bangi, Lovett, and Mark Twain St. Joseph Hospital, in their individual and official capacities and he is seeking injunctive relief and compensatory and punitive damages for alleged misdiagnosis and treatment of his medical condition. The first amended complaint states that each named defendant allowed an unnecessary surgery to be performed on Plaintiff and then denied proper medical care and crutches to help him in the healing process. Plaintiff's allegations are insufficient to state a cognizable claim.

Although Plaintiff was previously given the legal standards that applied to his claim in the order issued on October 25, 2010, Plaintiff has failed to allege that he had "a 'serious medical need.' Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Nor has he stated facts to show "a purposeful act or failure to respond to [his] pain or possible medical need" and that he suffered harm. Jett, 439 F.3d at 1096. This requires, at a minimum, that Plaintiff allege facts to show that the defendant was aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and the defendant made the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

To state a claim for relief under section 1983, in his amended complaint, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Iqbal, 129 S. Ct. at 1949. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. Plaintiff is

1   referred to the order issued on October 25, 2010, for the legal standards that apply to his claim.

2   **III.   Conclusion and Order**

3           For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

4   a violation of his constitutional rights.  Plaintiff is granted one final opportunity to file an amended

5   complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may

6   not change the nature of this suit by adding new, unrelated claims in his amended complaint.

7   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

8           Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

9   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

10  Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

11  duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

12  caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).   Although

13  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

14  speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

15          Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

16  114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

17  be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

18  causes of action alleged in an original complaint which are not alleged in an amended complaint are

19  waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

20  Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

21          Based on the foregoing, it is HEREBY ORDERED that:

22          1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

23          2.      Plaintiff's first amended complaint, filed November 29, 2010, is dismissed for failure

24                  to state a claim upon which relief may be granted under section 1983;

25          3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

26                  amended complaint; and

27  ///

28  ///

1     4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

2     action will be dismissed, with prejudice, for failure to state a claim.

3

4    IT IS SO ORDERED.

5

Dated:    December 6, 2010

6                             UNITED STATES MAGISTRATE JUDGE