# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR LUNA, | CASE NO. 1:10-cv-01107-GBC PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| MATTHEW CATE, et al., | (Doc. 11) |
| Defendants. | ORDER COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

## I.  Screening Requirement

Plaintiff Cesar Luna ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened the first amended complaint and issued an order on December 6, 2010, dismissing the complaint, with leave to amend, for failure to state a claim. (Doc. 10.) Currently pending before the Court is Plaintiff's second amended complaint, filed November 29, 2010. (Doc. 9.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Sierra Conservation Center ("SCC"). Plaintiff brings suit against Defendants Cate, St. Clair, Forster, Bangi, Lovett, and Mark Twain St. Joseph Hospital. He is seeking compensatory and punitive damages.

Plaintiff states that Defendant Cate is responsible for overseeing each institution and the policies and procedures to ensure that proper medical treatment is received by the prisoners. Defendant Cate's fiduciary duty to provide adequate medical services was not met and Plaintiff has pain and trauma to his knee. (Doc. 11, p. 3.)

Defendant St. Clair, Chief Medical Officer, was responsible for implementing policies and procedures. He approved an orthroscopy, M.R.I., physical therapy, and other services for Plaintiff. Defendant St. Clair was aware of Plaintiff's serious medical need and did not continue Plaintiff's therapy and he now has popping and locking in his knee. (Id., p. 4.)

Defendant Forster provided inadequate medical treatment throughout the process. On February 20, 2008, Defendant Forster led Plaintiff to believe that M.R.I.'s are accurate. Plaintiff relied on this statement and due to that his knee pain has gotten worse. Defendant Forster was aware that a substantial risk of harm existed, because "anytime there is a surgery something bad can happen." (Id., p. 5.)

1    Defendant Lovett was aware that Plaintiff had a serious medical need because he
2 recommended that Plaintiff have surgery. Defendant Lovett did not issue Plaintiff a wheelchair or
3 crutches when he was released from the hospital. Plaintiff had to walk to the van, approximately
4 fifty yards, while he was shackled which was very painful. Defendant Lovett did not tell Plaintiff
5 that he was to be weight bearing as tolerated. He wasn't informed of this until told by Defendant
6 Bangi after he returned to the prison. Defendant Lovett terminated Plaintiff's therapy because he
7 stated it was not needed, however Plaintiff's knee was stiff and sore. (Id., p. 6.)

8    Plaintiff alleges that he suffers from popping and locking in his knee as a result of Defendant
9 Mark Twain Hospital failing to provide him with crutches or a wheelchair when he was released.
10 Plaintiff states that patients are usually given crutches or a wheelchair after surgery. An inmate who
11 had a similar surgery was given a wheelchair to escort him to the van. (Id., p. 7.)

12    Although Plaintiff was previously given the legal standards that applied to his claim in the
13 order issued on October 25, 2010, Plaintiff has failed to allege that he had "a 'serious medical need.'"
14 Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff was again advised of the need to state
15 a serious medical need and to link Defendants to an act or failure to act in response in the order
16 issued December 6, 2010. Plaintiff has not alleged facts to show "a purposeful act or failure to
17 respond to [his] pain or possible medical need" and that he suffered harm. Jett, 439 F.3d at 1096.
18 This requires, at a minimum, that Plaintiff allege facts to show that the defendant was aware of facts
19 from which he could make an inference that "a substantial risk of serious harm exists" and the
20 defendant made the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

21    The facts as alleged in the complaint show that Plaintiff had a medical need and surgery was
22 performed. Defendant St. Clair approved medical testing, surgery, and physical therapy for Plaintiff.
23 The therapy was discontinued when it was no longer considered necessary by Defendants St. Clair
24 and Lovett. Plaintiff states he continues to have pain, popping, and locking of his knee. A difference
25 of opinion between a prisoner and prison medical authorities as to proper treatment does not give
26 rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433
27 F.2d 873, 874 (9th Cir. 1970). To state a claim under these conditions requires the plaintiff "show
28 that the course of treatment the doctors choose was medically unacceptable under the circumstances,

". . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). As alleged, the facts do not indicate that the decision to discontinue therapy caused an excessive risk to Plaintiff's health.

Plaintiff's allegation that he was to be weight bearing as tolerated and was allowed to walk to the van after surgery does not rise to the level of an objectively serious risk to Plaintiff's safety in the circumstances alleged in the complaint. Nor does the fact that another inmate received different treatment than Plaintiff after surgery state a cognizable claim.

Additionally, Plaintiff alleges that there are policies and procedures at the prison and he did not receive adequate medical care. However, Plaintiff has failed to show that the care he received was inadequate and has not identified any policies or procedures at either the prison or the hospital that caused him to suffer harm.

Plaintiff has failed to allege facts to show that any named defendant was deliberately indifferent to his medical needs. On the contrary, he received medical testing, surgery, and post operative therapy. The substance of Plaintiff's complaint appears to be that he did not receive the expected result from his surgery. An allegation by a prisoner that a physician has been merely indifferent or negligent or has committed medical malpractice in diagnosing or treating a medical condition does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

## III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted two opportunities to amend the complaint, with guidance by the Court. Plaintiff has now filed three complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by

---

amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

    This action is HEREBY ORDERED dismissed, without prejudice, for failure to state a claim under section 1983, and the Clerk's Office shall enter judgment. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

    IT IS SO ORDERED.

Dated:   January 21, 2011

                                       UNITED STATES MAGISTRATE JUDGE